IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE H. FINK, SR.,                :
    Petitioner              :
                                    :
  v.                              :   CIVIL NO. 3:CV-16-1867
                                    :
                                    :   (Judge Conaboy)
ROBERT GILMORE,                     :
    Respondent              :
_____

## MEMORANDUM
### Background

George H. Fink, Sr., an inmate presently confined at the Greene State Correctional Institution, Waynesburg, Pennsylvania (SCI-Greene), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Service of the petition has not yet been ordered.

Following a non-jury trial Petitioner was convicted of first degree murder and related crimes in the Luzerne County Court of Common Pleas.[1] On July 26, 2007 Fink was sentenced to life in prison. His conviction was affirmed on direct appeal. See Commonwealth v. Fink, 55 A.3d 141 (Pa. Super. 2012). A petition for allowance of appeal was denied on March 12, 2013. See Commonwealth v. Fink, 63 A.3d 774 (Pa. 2013). He also

---

[1] Exhibits attached to the Petition indicate that Fink waived his right to a jury trial in return the Commonwealth agreed not to seek the death penalty.

1

unsuccessfully sought relief seeking relief under Pennsylvania's Post Conviction Relief Act (PCRA).[2]

Following Petitioner's initiation of the present action, this Court issued an Order on September 28, 2016 in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). See Doc. 4.  The Order directed Petitioner to notify the Court as to whether he wished to: (1) have his petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the United States Court of Appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act (AEDPA).

Along with advising the Court that he wished to proceed with his action,[3] Petitioner has submitted a "motion for stay and abeyance."  Doc. 5, p. 1.  Fink's motion asks that this matter be stayed so that he may "present my unexhausted claims in the state

---

[2] One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

[3] See Doc. 6.

court." Id.  He indicates that this § 2254 petition is timely filed and that the claims at issue were not exhausted because of ineffective assistance of appellate counsel.

### Discussion

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.  The exhaustion requirement is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982).  However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Castille v. Peoples, 489

3

U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition.  However, in both <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) and <u>Crews v. Horn</u>, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both <u>Rhines</u> and <u>Crews</u> addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1).  The United States Supreme Court in <u>Rhines</u>, recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court.  <u>Rhines</u>, 544 U.S. at 277. The Court of Appeals for the Third Circuit in <u>Crews</u> similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  <u>Crews</u>, 360 F.3d at p. 154 (internal citations omitted).

<u>Rhines</u> and <u>Crews</u> both contemplate that the initial federal petition must be timely filed.  Although Petitioner is challenging a 2007 conviction, his direct appeal rights were reinstated in 2011.  After conclusion of his reinstated direct appeal, Fink

4

sought PCRA relief, which apparently concluded on June 15, 2016. See Doc. 1, p. 19.  Thus, there is no basis for a determination at this juncture, that the pending federal petition is untimely under the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996.

Petitioner is apparently requesting a stay because his pending action includes claims that were not previously raised before the Pennsylvania state courts due to purported ineffective assistance of counsel.  As in Crews, Fink should not face the prospect of forfeiting federal court review of issues.  In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments.  Under these circumstances as well as Petitioner's contention that the claims at issue were not exhausted because of ineffective assistance of counsel, Crews counsels in favor of a stay of litigation in this case pending disposition of his unexhausted claims by the state courts.  Accordingly, Fink's motion requesting a stay will be granted.

However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court proceedings regarding his pending federal claims, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's

5

dispositions. An appropriate Order will issue.

                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge

DATED: NOVEMBER 15, 2016